**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**

BRIAN AMBURGEY, et al.                                              PLAINTIFFS

vs.                                                CIVIL ACTION NO. 3:22-CV-632-CRS

JOHN DOE, et al.                                                    DEFENDANTS

<u>MEMORANDUM OPINION</u>

This matter is before the Court on Defendant Todd Trebuna's unopposed motion to dismiss.  DN 5.  Also before the Court is the motion to dismiss filed by Angel Rivera, Jeffrey Lowder, and Rodney Lawrence (the "Non-Party Movants").  DN 6.  For the reasons stated herein, the Court will grant Trebuna's motion to dismiss and deny as moot the motion of the Non-Party Movants.

I.       **BACKGROUND**

The complaint alleges that Plaintiffs Brian Amburgey and Daniel G. Bailey Jr. were unlawfully arrested for trespassing at the Department of Veterans Affairs ("VA") Medical Center in Louisville, Kentucky.  DN 1-1, at PageID # 24.  On the morning of March 17, 2020, Plaintiffs set up an awareness campaign for Camp Lejeune veterans featuring pamphlets and a memorabilia display.  *Id.*  Plaintiffs allege they set up the campaign on an easement with permission from Louisville Mayor Greg Fischer.  *Id.*  A VA police officer told Plaintiffs they were on VA property and ordered Plaintiffs to move, but Plaintiffs refused.  *Id.*  Plaintiffs were arrested by VA police and charged with criminal trespassing.  *Id.*  They were released after several hours.  *Id.*  at 24–25.

Plaintiffs filed this action *pro se* in Jefferson Circuit Court on March 17, 2021.  DN 1-1, at PageID # 15.  The complaint identifies 42 U.S.C. § 1983; 18 U.S.C. §§ 241, 242, and 1201; 24

C.F.R. § 11.404; the First, Fourth, and Eighth[1] Amendments to the U.S. Constitution; Miranda Rights; and the common law torts of intentional infliction of emotional distress and false imprisonment as being at issue in the action. *Id.* at 19–21.  The complaint names Todd Trebuna "VA Police Chief" as a defendant and identifies four unnamed "John Doe" VA police officer defendants. *Id.* at 16–18.  A letter in the Jefferson Circuit Court case file, signed by an unnamed individual and dated May 18, 2021, states: "Amending summons due to finding officers Name from arrest report." DN 1-1, at PageID # 14.  The note lists: "1) Todd Trebuna[,] 2) Angel T. Rivera[,] 3) DC Lowder[,] 4) Sar[geant] Lawrence[.]" *Id.*  The complaint was not amended to name the additional officers as defendants. *See generally* DN 1-1.  Defendant removed the case to this Court on November 30, 2022, pursuant to 28 U.S.C. §§ 1441, 1442, 1446, and 2679. DN 1.

## II.    DISCUSSION

### A.    Trebuna's Motion to Dismiss

Trebuna now moves to dismiss the action.  DN 5.  Failure to respond to a dispositive motion is grounds for granting the motion. *See Humphrey v. U.S. Att'y Gen.'s Off.*, 279 F. App'x 328, 331 (6th Cir. 2008) (recognizing failure to respond to a motion or argument therein as grounds for the district court to assume opposition to the motion is waived and grant the motion).  Plaintiffs failed to respond or otherwise oppose the motion within the allotted time. *See* L.R. 7.1(c).  Accordingly, Plaintiffs have waived opposition to the motion.  Dismissal is warranted on this basis.

Alternatively, the Court will address the merits of the motion.  The arguments set forth in the motion to dismiss are well taken and supported factually and legally.  The Court specifically finds that dismissal of the action is warranted for insufficient service of process and failure to state a claim upon which relief can be granted.

---

[1] Plaintiffs allege "violations of Bill of Right cruel and unusual punishment." DN 1-1, at PageID # 19.

2

### 1.    Insufficient Service of Process

"Due process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties." *O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003), *abrogated on other grounds by Morgan v. Sundance, Inc.*, 212 L. Ed. 2d 753, 142 S. Ct. 1708 (2022).  "The plaintiff bears the burden of proving that service was proper." *Breezley v. Hamilton Cnty.*, 674 F. App'x 502, 505 (6th Cir. 2017).

This action originated in state court, and service was attempted via certified mail.  *See* DN 1-1, at PageID # 6.  Louisville VA Medical Center mail room staff received and signed for certified mail containing a summons addressed to Trebuna, Rivera, Lowder, and Lawrence on May 20, 2021, and on November 14, 2022.  DN 5-2.  Service upon mail room staff is "insufficient to confer personal jurisdiction over the individual." *Bartley v. Jenny Stuart Med. Ctr.*, No. 5:19-CV-00005-TBR, 2020 WL 854190, at *3 (W.D. Ky. Feb. 20, 2020); *see* Ky. R. Civ. P. 4.01, 4.04.  Trebuna has not been properly served,[2] and it has been well over ninety days since the complaint was filed. *See* Fed. R. Civ. P. 4(m).  Therefore, dismissal is proper.  *Id.*; Fed. R. Civ. P. 12(b)(5).

### 2.    Failure to State a Claim

A complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007)). Plaintiffs must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  Courts are to construe *pro se* complaints

---

[2] Service on the Non-Party Movants is similarly insufficient.

3

liberally and hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972).

### a. Deprivation of Civil Rights

Plaintiffs assert claims alleging the deprivation of constitutional rights. DN 1-1, at PageID # 19–21. The complaint invokes 42 U.S.C. § 1983 and alleges violations of rights secured by the U.S. Constitution. DN 1-1, at PageID # 19, 21. Section 1983 provides a civil cause of action for the deprivation of civil rights committed "under color of" state law. The complaint alleges violations committed by federal officers acting under color of federal law, and the Court construes the claims as arising under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *Marcilis v. Twp. of Redford*, 693 F.3d 589, 595 (6th Cir. 2012).

A complaint fails to state a claim for deprivation of civil rights if it does not "allege that particular defendants performed the acts that resulted in a deprivation of [plaintiff's] constitutional rights. " *Id.* at 596 (quoting *Kesterson v. Moritsugu*, 149 F.3d 1183, at *4 (6th Cir. 1998)) (alteration in original). Here, the complaint does not allege the involvement of Trebuna, or any of the later identified officers, in any action that allegedly violated Plaintiffs' constitutional rights. *See* DN 1-1, at PageID # 20, 24–25. Therefore, the civil rights claims will be dismissed for failure to state a claim. For the same reason, Trebuna is entitled to qualified immunity from suit. *See Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S. Ct. 2806, 2815, 86 L. Ed. 2d 411 (1985) ("Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery.").

Dismissal is also warranted because the statute of limitations for a civil rights action has run. Kentucky has a one-year statute of limitations for civil rights and personal injury actions. *Collard v. Kentucky Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). Plaintiffs' alleged injury

occurred on March 17, 2020, and the Court has found that Trebuna was not properly served. This action has never been commenced under Kentucky law, and the statute of limitations has expired.[3] *See* Kentucky Revised Statutes ("KRS") 413.140(1), 413.250. Therefore, the Court finds dismissal of the civil rights claims appropriate under Fed. R. Civ. P. 12(b)(6).

### b.      Federal Statutory Claims

The complaint identifies several federal statutes and a regulation that do not provide a basis for a civil cause of action. DN 1-1, at PageID # 19; *see Chrysler Corp. v. Brown*, 441 U.S. 281, 316, 99 S. Ct. 1705, 1725, 60 L. Ed. 2d 208 (1979) ("this Court has rarely implied a private right of action under a criminal statute"). The Court finds that the complaint fails to state a claim for relief under the federal statutes and regulation cited in the complaint.

### c.      Tort Claims

The complaint asserts common law tort claims. DN 1-1, at PageID # 19, 21. The Court finds the alleged tortious acts were undertaken by federal officers in the scope of their employment, and the Federal Tort Claims Act ("FTCA") is the exclusive remedy for any such claim. 28 U.S.C. § 2679(b)(1); *Simmons v. Himmelreich*, 578 U.S. 621, 625, 136 S. Ct. 1843, 1846, 195 L. Ed. 2d 106 (2016). Under the FTCA, "[b]efore filing suit in federal court to recover damages against the United States for injury or property damage caused by a federal employee's negligent or wrongful conduct, § 2675(a) requires the plaintiff to 'present[] the claim to the appropriate Federal agency.'" *Greene v. United States*, No. 21-5398, 2022 WL 13638916, at *4 (6th Cir. Sept. 13, 2022) (citing 28 U.S.C. § 2675(a)) (alteration in original).

---

[3]For the same reason, the statute of limitations has run on any claim that might later be asserted against the Non-party Movants. *See Aslani v. Sparrow Health Sys.*, No. 1:08-CV-298, 2009 WL 3711602, at *14 (W.D. Mich. Nov. 3, 2009) (dismissing *pro se* claim on statute of limitations grounds for failure to comply with Fed. R. Civ. P. 10(a)).

Plaintiffs have not filed an administrative claim.  DN 5-5.  The Court finds that Plaintiffs have not met the presentment requirement of the FTCA.  Therefore, dismissal of the FTCA claim is proper under Rule 12(b)(6).  *See Robinson v. Memphis Health Ctr., Inc.*, No. 221CV02450TLPATC, 2022 WL 287931, at *2 (W.D. Tenn. Jan. 31, 2022).  Because it has been more than two years since the injury, the administrative claims are now time-barred.  *See* 28 U.S.C. § 2401(b).  The Court will dismiss the non-constitutional tort claims.

### B.       Non-Party Movants' Motion to Dismiss

Angel Rivera, Jeffrey Lowder, and Rodney Lawrence have moved to dismiss the action. DN 6.  Plaintiffs attempted service of an "amended summons" upon Rivera, Lowder, and Lawrence.  DN 1-1, at PageID # 14; DN 6-5.  However, the complaint has not been amended, and the Non-Party Movants are not named as defendants in this action.  DN 1-1; *see* Fed. R. Civ. P. 10(a).  "Motions to dismiss filed by non-parties should be denied as moot."  *Lumumba v. Marquis*, No. 2:13 CV 69, 2013 WL 5429429, at *6 (D. Vt. Sept. 30, 2013).  Therefore, the Court will deny the motion as moot.

## III.    CONCLUSION

The Court has found that dismissal of this action is proper for insufficient service of process and for failure to state a claim upon which relief can be granted.  A separate order will be entered in accordance with this opinion.

April 19, 2023

Charles R. Simpson III, Senior Judge
United States District Court